IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

    Plaintiff,                      No. CIV S-10-1300 CKD P

    vs.

BEUTLER, et al.

    Defendants.           ORDER
_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis (IFP) in an action under 42 U.S.C. § 1983.  Defendants have moved to revoke plaintiff's IFP status under the three-strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

        The three-strikes provision of the PLRA empowers a court to deny IFP status to a litigant who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless.  Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist."  Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).

1

Defendants who challenge a plaintiff's IFP status bear the initial burden of producing documentation of at least three prior dismissals that constitute "strikes" against the plaintiff. In meeting this burden,

> the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim."

Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). Once defendants have met this initial burden, it becomes the plaintiff's burden to explain why a prior dismissal should not count as a strike. It is plaintiff's ultimate burden to persuade the court that § 1915(g) does not apply. Id.

The Ninth Circuit in Andrews broadly defined a district court's task in determining whether a particular dismissal counts as a strike. It made clear that an order of dismissal is not, by itself, enough:

> Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of an order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim.

Id. at 1121 (internal citations omitted). Andrews thus carries an express mandate on district courts to discover the substantive reasons an IFP plaintiff's prior cases were dismissed. Therefore a district court's central analysis in deciding whether the plaintiff is precluded from proceeding IFP under § 1915(g) must include "reviewing the orders dismissing those actions and other relevant information." Id.

Defendants have submitted five dismissals of plaintiff's prior cases as strikes that preclude him from proceeding IFP. The court will examine each in turn.

1. Thomas v. Terhune, Case No. 1:03-cv-5467 REC SMS (E.D.Cal.) and appeal

The court dismissed Thomas v. Terhune after allowing plaintiff to file an amended complaint. The ground for dismissal was failure to state a claim against any of the

named defendants.  See Thomas v. Terhune, Case No. 1:03-cv-5467 REC SMS (E.D. Cal.), Findings and Recommendations at 7 (Docket No. 24).  The court also found that the failure to state a claim could not be cured by amendment.  Id.  The findings and recommendations were adopted in full and judgment for failure to state a claim was entered on April 26, 2006.  See id. (Docket No. 27).

"The three-strikes rule counts a dismissal as a strike if the court held that the action 'fails to state a claim upon which relief may be granted.'"  Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 893-94 (9th Cir. 2011).  Defendants are correct that the dismissal of Thomas v. Terhune fits that criterion.  Therefore, the judgment in Thomas v. Terhune counts as plaintiff's first strike for purposes of defendants' instant motion.

Defendants are not correct, however, in submitting the Ninth Circuit's dismissal of plaintiff's appeal in Thomas v. Terhune.  The appeal was dismissed for failure to prosecute. See Thomas v. Terhune, Order of USCA (Docket No. 39).  "Generally, a dismissal for failure to prosecute does not fall within the plain language of section 1915(g), as such dismissal is not equivalent to a dismissal on the grounds that an action is 'frivolous, malicious, or fails to state a claim upon which relief may be granted."  Vaught v. Sandoval, 2011 WL 1253747 at *2 (E.D. Cal.), citing Butler v. Department of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007) (dismissal for failure to prosecute without regard to merits of claim does not constitute a strike); see also Daniels v. Woodford, 2008 WL 2079010 at *6 (C.D. Cal.).  The Ninth Circuit did not address the merits of plaintiff's appeal.  Therefore its dismissal does not count as a strike.

    2.    Thomas v. Glenn, Case No. 2:09-cv-0896 KJM LKK

The general rule against counting dismissals for failure to prosecute as a strike also applies in plaintiff's favor in Thomas v. Glenn.  There, the magistrate judge found that the original complaint did not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  See Thomas v. Glenn, Case No. 2:09-cv-0896 KJM LKK, Order at 4 (Docket No. 4). The court made no finding that plaintiff had failed to state a claim.  The court dismissed the

complaint with leave to amend, but plaintiff did not file an amended complaint. Id. After ample time for the plaintiff to file an amended complaint, the magistrate judge recommended dismissal pursuant to Fed. R. Civ. P. 41(b), which provides for involuntary dismissal "[i]f the plaintiff fails to prosecute[.]" Id. (Docket No. 8). The court adopted the recommendation and dismissed the case without prejudice. Id. (Docket No. 10).

Having reviewed the procedural history of Thomas v. Glenn, the court finds no basis on which it could count the dismissal of that case a strike under § 1915(g). The final ground for dismissal was failure to prosecute, which does not fall within the terms of the PLRA's three-strikes provision. See Vaught, supra.

3.  Thomas v. HDSP Medical Staff, Case No. 2:07-cv-1302 LEW KJM

In Thomas v. HDSP Medical Staff, plaintiff attempted to initiate an action in the form of a "letter" to the court. The magistrate judge issued an order finding that plaintiff had not complied with the filing requirements of Fed. R. Civ. P. 3, denied the "letter" without prejudice and gave plaintiff thirty days in which to submit a proper complaint. See Thomas v. HDSP Medical Staff, Case No. 2:07-cv-1302 LEW KJM, Order at 1 (Docket No. 5). After plaintiff failed to comply, the magistrate judge recommended the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). See id., Findings and Recommendations (Docket No. 11). The court adopted the recommendation and dismissed the case without prejudice pursuant to Rule 41(b). See id., Order (Docket No. 16). There was never any analysis or discussion of the merits of plaintiff's case.

Having reviewed the procedural history of Thomas v. HDSP Medical Staff, the court finds no basis on which it could count the dismissal of that case a strike under § 1915(g). The final ground for dismissal was failure to prosecute, which does not fall within the terms of the PLRA's three-strikes provision. See Vaught, supra.

////

////

        4.       <u>Thomas v. A. A. Lamarque</u>, Case No. 3:05-cv-5189 VRW (N.D.Cal.)

In <u>Thomas v. A. A. Lamarque</u>, the Northern District of California granted defendants' motion to dismiss the case for failure to exhaust administrative remedies. See <u>Thomas v. A. A. Lamarque</u>, Case No. 3:05-cv-5189 VRW, Order at 6 (Docket No. 32). The Ninth Circuit considers a motion to dismiss for failure to exhaust administrative remedies to arise under an "unenumerated" category of Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The Ninth Circuit has also held that in applying the PLRA's three-strikes provision, "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, parallels the language of Federal Rule of Civil Procedure 12(b)(6)." <u>Andrews</u>, 398 F.3d at 1121. At least one district court in the Ninth Circuit has found the statements in <u>Wyatt</u> and <u>Andrews</u> to mean that the "unenumerated Rule 12(b)" classification of motions for failure to exhaust places a dismissal for non-exhaustion outside the "fails to state a claim" clause of the three-strikes provision. See <u>Daniels</u>, 2008 WL 2079010 at *5 (expressly ruling that a dismissal for failure to exhaust "does <u>not</u> qualify as a failure to 'state a claim on which relief may be granted' for purposes of Section 1915(g)"). This court agrees: a finding that a plaintiff has failed to exhaust is not the same as finding that he has failed to state a claim under Rule 12(b)(6); therefore, unless a court includes in its opinion or order of dismissal a clear analysis of the kind that ordinarily applies in deciding a motion for failure to state a claim under Rule 12(b)(6), a prior dismissal for failure to exhaust does not constitute a strike under § 1915(g).

Here, the defendants' argument that the Northern District of California confined itself entirely to the complaint and exhibits in dismissing <u>Thomas v. A. A. Lamarque</u> for failure to exhaust does not alter the legal basis on which that court made its ruling: citing <u>Wyatt</u>, the court stated that the defendants in that case "correctly raise[d] nonexhaustion in an unenumerated motion to dismiss," and the court granted the motion. <u>Thomas v. A. A. Lamarque</u>, Order at 3 (Docket No. 32). The court did not grant any relief pursuant to Rule 12(b)(6). The court's order

contains no discussion of the legal standard applicable under Rule 12(b)(6). Regardless of whether or not the Northern District looked outside the complaint in its analysis, this court will not superimpose a different legal analysis than the one on which the Northern District decided to dismiss plaintiff's case. The dismissal in Thomas v. A. A. Lamarque does not count as a strike.

In any event, defendants need three strikes to carry their motion. Even assuming, for the sake of argument, that Thomas v. A. A. Lamarque did count as a strike, that would total only two strikes from the five prior dismissals defendants have submitted in this case. The motion to revoke plaintiff's IFP status will be denied. Pursuant to the defendants' request in their motion, they will have ten days from the entry of this order in which to file a response to the complaint under Rule 12.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to revoke plaintiff's IFP status (Docket No. 15) is denied.

2. Defendants have ten days from the entry of this order in which to file a response to the complaint under Rule 12.

3. The Clerk of Court is directed to forward an order of consent to the magistrate judge's jurisdiction or request for reassignment to all defendants.

Dated: December 15, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
thom1300.ord