IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS

      Plaintiff,                        No. CIV S-10-1300 CKD P

   vs.

M. BEUTLER, et al.                  ORDER AND

      Defendant.               FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He has filed three motions that are pending before the court.

      First, plaintiff seeks an order requiring the California Department of Corrections and Rehabilitation (CDCR) to provide him the addresses of three inmates who, he contends, are prospective witnesses. Defendants correctly point out that CDCR, as a non-party to this action, cannot be compelled to provide such information without first being served with a request for it. Ordinarily such a request must be made by filing a motion for a subpeona duces tecum pursuant to Federal Rule of Civil Procedure 45. However, defendants have, as a courtesy to the court and to plaintiff, provided the current locations of two of the three inmates whom plaintiff seeks and possibly the location of the third. See Opposition at 3 (Docket No. 32) If plaintiff still needs information to contact prospective witnesses who are in CDCR's custody, he must do so through

the process laid out in Rule 45.  For now, his motion must be denied.

Second, plaintiff seeks additional time in which to conduct discovery.  Good cause appearing, the motion will be granted.

Finally, plaintiff has moved for an order requiring Salinas Valley State Prison (SVSP), where he is housed, to provide him library access for four hours per week.  Such a request is, in effect, a request for injunctive relief.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

An inmate has a constitutionally protected right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  However, there is no freestanding constitutional right to law library access for prisoners.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  Instead, law library access serves as one means of ensuring the constitutional right of access to the courts.  See id. at 351.  "[T]he Constitution does not guarantee a prisoner unlimited

access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Linquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). A prisoner claiming that his right of access to the courts has been (or will be) violated due to inadequate library access must show that: 1) access was (or will be) so limited as to be unreasonable, and 2) the inadequate access caused (or will cause) actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).

A prisoner cannot make conclusory declarations of injury in alleging his access to the courts has been impeded. That is, it is not enough for an inmate to show some sort of denial of access and leave it at that. He must also show "actual injury" from the denial or delay of services. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. 343, 351 (1996). If the underlying action is frivolous, a plaintiff cannot make the necessary showing of actual injury. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). To the contrary, plaintiff has thus far been able to prosecute his case, and the negative effects of any restrictions on his library access are belied by his ongoing ability to file motions and respond to defendant's filings. Furthermore, his

motion states that he has submitted the necessary form for receiving "priority" status at SVSP's law library and, as of the date of his motion, he had not heard a reply. The court presumes that he has received a reply by now. Plaintiff has provided no basis for this court to interfere with the prison's administration of its law library, so his request for injunctive relief should be denied.

Plaintiff's motion for library access includes a request that the warden of SVSP provide him with his "C-file," the central administrative file containing all documentation concerning an inmate. Prisoners do not have a constitutional right to access the contents of their C-files, but plaintiff is entitled under state law to view any non-confidential portions of his C-file, access known in the California prison system as an "Olsen review." Plaintiff claims he has already sought an Olsen review but been denied. However, the documents he attaches to his motion are not conclusive on this point, and they appear to have been submitted to prison officials approximately four days before he submitted the motion for access to the library and to his C-file.[1] Again, the court presumes that plaintiff has been provided access to his C-file in the time since he submitted the instant motion. Plaintiff should not file a motion to compel production of his C-file until he avails himself of and exhausts the ordinary procedures for accessing his C-file and has in fact been denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion directing CDCR to provide plaintiff with inmates' addresses (Docket No. 30) is denied.

2. The motion for an extension of time in which to conduct discovery (Docket No. 31) is granted. The deadline for conducting discovery is extended to May 28, 2012.

////

---

[1] Plaintiff signed his motion on January 27, 2012. The copy of the CDCR-22 request form attached to the motion shows a date of "1/23." See Motion at 6 (Docket No. 26, Ex. A). The court's copy of the CDCR-22 form does not show the year of the request, but the court presumes it was 2012, since otherwise the document would be contrary to plaintiff's representation that he sought an Olsen review pertaining to this case in good faith.

4

3. The Clerk of Court is directed to assign this action randomly to a district judge.

IT IS RECOMMENDED that the motion for a court order directing the SVSP warden to provide plaintiff additional library access (Docket No. 26), construed by the court as a request for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-one days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 17, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
thom1300.ord.57