IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

    Plaintiff,                    No. 2: 10-cv-1300 MCE CKD P

    vs.

M. BEUTLER, et al.,

    Defendants.           ORDER

                                    /

I.  INTRODUCTION

Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed under 42 U.S.C. § 1983.

Plaintiff has filed a motion to recuse the undersigned.  (See Dkt. No. 45.)  Plaintiff alleges that recusal is warranted due to the "'blatant bias and prejudicial' rulings against plaintiff in favor of defendants."  (See Pet'r's Mot. Recusal at p. 1.)  For the following reasons, the motion will be denied.

II.  APPLICABLE LAW

The recusal of federal judges is governed by 28 U.S.C. § 144 and § 455.  Plaintiff does not assert in his motion whether he is basing his motion under one or both of these statutory provisions.  However, as plaintiff is proceeding in this action *pro se*, the undersigned will

1

construe plaintiff's motion under both of these statutory sections.  Section 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Section 455 states in relevant part that:

> (a) Any . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>     (1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455(a), (b)(1).

"The test for personal bias or prejudice under section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1)." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980) (citing United States v. Olander, 584 F.2d 876, 882 (9th Cir. 1978); United States v. Carignan, 600 F.2d 762, 764 (9th Cir. 1979)).  "Consequently, a motion brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144."  Id.  The standard for recusal under 28 U.S.C. § 144 and 455 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 607, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source as a judge's previous adverse ruling alone is

2

not sufficient for recusal.  See id.

  While the substantive standard for deciding bias or prejudice is the same under section 144 and 455(b)(1), the procedural requirements of the two statutory sections are different. Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under section 144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144; Sibla, 624 F.2d at 867. Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on merits to another judge)).  If the affidavit is legally insufficient then recusal can be denied.  See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) .

  Comparatively, section 455 has no procedural requirements.  Furthermore, it includes no provision for the referral of the question of recusal to another judge.  The decision regarding disqualification under section 455 is made by the judge whose impartiality is at issue. See In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

### III.  ANALYSIS OF PLAINTIFF'S MOTION

A.  Under 28 U.S.C. § 144

  Plaintiff failed to comply with the procedural requirements of section 144. Section 144 requires a moving party to file an affidavit and an accompanying certificate of counsel of record stating that it is made in good faith.  See Sibla, 624 F.2d at 867-68.  Plaintiff filed his motion for recusal on July 3, 2012.  Plaintiff did not submit an affidavit with his motion and has not filed one to date.  Furthermore, plaintiff never filed a certificate which states that the motion is made in good faith.  Failure to follow the procedural requirements defeats his motion under section 144.  See United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) ("Appellant's failure to follow these procedural requirements therefore defeats his charge of

3

bias.") (citing <u>United States v. Anderson</u>, 561 F.2d 1301, 1302-03 (9th Cir. 1977)).

Nevertheless, and perhaps more importantly, even if the undersigned were to construe plaintiff's motion as satisfying the affidavit and certificate of good cause procedural requirements of section 144, it would still be denied.  Plaintiff's motion for recusal is substantively insufficient under section 144 because it fails to allege facts that would support the contention that the undersigned exhibits bias or prejudice directed towards him from an extrajudicial source.  <u>See</u> <u>Sibla</u> 624 F.2d at 868 ("An affidavit filed pursuant to [section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").  Plaintiff's motion for recusal alleges bias and prejudice arising out of judicial actions of the undersigned.  For example, plaintiff complains about the rulings issued by the undersigned with respect to discovery orders and motions for extensions of time.  The issues raised by plaintiff in the motion for recusal are not proper grounds to disqualify a judge for bias and prejudice.  As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).  Instead, the judicial rulings are a basis for appeal, not recusal.  <u>See</u> <u>id.</u> ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal."); <u>Leslie v. Grupo ICA</u>, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings.  That is not an adequate basis for recusal.") (citations omitted).  Accordingly, for the foregoing reasons, plaintiff's recusal motion under 28 U.S.C. § 144 will be denied.

  B. Under 28 U.S.C. § 455

As previously noted, section 455 does not have the same procedural requirements as does section 144.  Nevertheless, as described above, the substantive standards for determining

4

bias and prejudice is the same under both statutory provisions.  See Silbla, 624 F.2d at 867.  In this case, plaintiff bases his motion on the undersigned's purported "blatant bias and prejudicial rulings" as well as purported "discriminatory rulings."  As previously stated, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion under section 455.  See Liteky, 510 U.S. at 555; Leslie, 198 F.3d at 1160.  Therefore, plaintiff's motion for recusal will also be denied under 28 U.S.C. § 455.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal (Dkt. No. 45) is DENIED.

Dated: July 26, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
thom1300.recusal