IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

        Plaintiff,                    No. 2: 10-cv-1300 MCE CKD P

    vs.

M. BEUTLER, et al.,

        Defendant.              ORDER

_____/

## I. INTRODUCTION

Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed under 42 U.S.C. § 1983.

Plaintiff has filed a second motion to recuse the undersigned. (See Dkt. No. 52.) Plaintiff's first motion for recusal (see Dkt. No. 45) was denied on July 26, 2012. (See Dkt. No. 48.) Plaintiff brings his second motion for recusal only under 28 U.S.C. § 144. For the following reasons, the motion will be denied.

## II. APPLICABLE LAW

Section 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against

1

1         him or in favor of any adverse party, such judge shall proceed no
2         further therein, but another judge shall be assigned to hear such proceeding.

3         The affidavit shall state the facts and the reasons for the belief that
4         bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be
5         heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall
6         be accompanied by a certificate of counsel of record stating that it is made in good faith.

7 28 U.S.C. § 144.

8         The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person
9 with knowledge of all the facts would conclude that the judge's impartiality might reasonably be
10 questioned.'"  <u>Mayes v. Leipziger</u>, 729 F.2d 607, 607 (9th Cir. 1984) (quoting <u>United States v.</u>
11 <u>Nelson</u>, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the
12 prejudice must result from an extrajudicial source as a judge's previous adverse ruling alone is
13 not sufficient for recusal.  <u>See</u> <u>id.</u>

14         Section 144 expressly conditions relief upon the filing of a timely and legally
15 sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further
16 under section 144 and must assign a different judge to hear the matter.  <u>See</u> 28 U.S.C. § 144;
17 <u>Sibla</u>, 624 F.2d at 867.  Nevertheless, where the affidavit is not legally sufficient, the judge at
18 whom the motion is directed can determine the matter.  <u>See</u> <u>United States v. Scholl</u>, 166 F.3d
19 964, 977 (9th Cir. 1999) (citing <u>Toth v. Trans World Airlines, Inc.</u>, 862 F.2d 1381, 1388 (9th Cir.
20 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge
21 obligated to reassign decision on merits to another judge)).  If the affidavit is legally insufficient
22 then recusal can be denied.  <u>See</u> <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 566
23 (9th Cir. 1995) .

24         III.  ANALYSIS OF PLAINTIFF'S MOTION

25         Plaintiff's second motion for recusal, like his first motion for recusal, is
26 substantively insufficient under section 144 because it fails to allege facts that would support the

contention that the undersigned exhibits bias or prejudice directed towards him from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Plaintiff's second motion for recusal, like his first motion for recusal, alleges bias and prejudice arising out of judicial actions of the undersigned. The issues raised by plaintiff in his second motion for recusal are not proper grounds to disqualify a judge for bias and prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted). For these reasons, plaintiff's second motion for recusal will be denied.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal (Dkt. No. 52) is DENIED.

Dated: August 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
thom1300.recusal(2)