1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  EDWARD THOMAS,

11            Plaintiff,                    No. 2:  10-cv-1300 MCE CKD P

12      vs.

13  M. BEUTLER, et al.,

14            Defendant.            <u>ORDER</u>

15  _____/

16                      I.  INTRODUCTION

17            Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed

18  under 42 U.S.C. § 1983.

19            Plaintiff has filed a second motion to recuse the undersigned.  (<u>See</u> Dkt. No. 52.)

20  Plaintiff's first motion for recusal (<u>see</u> Dkt. No. 45) was denied on July 26, 2012.  (<u>See</u> Dkt. No.

21  48.)  Plaintiff brings his second motion for recusal only under 28 U.S.C. § 144.  For the

22  following reasons, the motion will be denied.

23                      II.  APPLICABLE LAW

24            Section 144 states that:

25            Whenever a party to any proceeding in a district court makes and
            files a timely and sufficient affidavit that the judge before whom
26            the matter is pending has a personal bias or prejudice either against

1

1  him or in favor of any adverse party, such judge shall proceed no
   further therein, but another judge shall be assigned to hear such
2  proceeding.

3  The affidavit shall state the facts and the reasons for the belief that
   bias or prejudice exists, and shall be filed not less than ten days
4  before the beginning of the term at which the proceeding is to be
   heard, or good cause shall be shown for failure to file it within such
5  time.  A party may file only one such affidavit in any case.  It shall
   be accompanied by a certificate of counsel of record stating that it
6  is made in good faith.

7  28 U.S.C. § 144.

8      The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person

9  with knowledge of all the facts would conclude that the judge's impartiality might reasonably be

10 questioned.'"  Mayes v. Leipziger, 729 F.2d 607, 607 (9th Cir. 1984) (quoting United States v.

11 Nelson, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the

12 prejudice must result from an extrajudicial source as a judge's previous adverse ruling alone is

13 not sufficient for recusal.  See id.

14     Section 144 expressly conditions relief upon the filing of a timely and legally

15 sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further

16 under section 144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144;

17 Sibla, 624 F.2d at 867.  Nevertheless, where the affidavit is not legally sufficient, the judge at

18 whom the motion is directed can determine the matter.  See United States v. Scholl, 166 F.3d

19 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.

20 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge

21 obligated to reassign decision on merits to another judge)).  If the affidavit is legally insufficient

22 then recusal can be denied.  See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566

23 (9th Cir. 1995) .

24              III.  ANALYSIS OF PLAINTIFF'S MOTION

25     Plaintiff's second motion for recusal, like his first motion for recusal, is

26 substantively insufficient under section 144 because it fails to allege facts that would support the

2

1  contention that the undersigned exhibits bias or prejudice directed towards him from an

2  extrajudicial source.  See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [section 144] is

3  not legally sufficient unless it specifically alleges facts that fairly support the contention that the

4  judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial

5  source.").  Plaintiff's second motion for recusal, like his first motion for recusal, alleges bias and

6  prejudice arising out of judicial actions of the undersigned.  The issues raised by plaintiff in his

7  second motion for recusal are not proper grounds to disqualify a judge for bias and prejudice.  As

8  the United States Supreme Court has noted, "judicial rulings alone almost never constitute a

9  valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).

10 Instead, the judicial rulings are a basis for appeal, not recusal.  See id. ("In and of themselves . . .

11 [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the

12 rarest circumstances evidence the degree of favoritism or antagonism required . . . when no

13 extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for

14 recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem

15 entirely from the district judge's adverse rulings.  That is not an adequate basis for recusal.")

16 (citations omitted).  For these reasons, plaintiff's second motion for recusal will be denied.

17                                     IV.  CONCLUSION

18          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal (Dkt.

19 No. 52) is DENIED.

20  Dated: August 20, 2012

21

22                                             _____
                                               CAROLYN K. DELANEY
23                                             UNITED STATES MAGISTRATE JUDGE

24

25 7
   thom1300.recusal(2)

26

                                             3