IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

      Plaintiff,                              No.  2:10-cv-01300 MCE CKD P

   vs.

M. BEUTLER, et al.,

      Defendants.               <u>ORDER</u>

_____/

        Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff asserts claims against defendants Beutler and Neiman for the use of excessive force in violation of the Eighth Amendment, claims against defendants Beutler, Nieman, Ginder, Albonico, and Betti in connection with an alleged false and retaliatory disciplinary report, and related claims under state law.  Plaintiff's May 30, 2012 motion to compel discovery (Dkt. No. 38), memorandum in support thereof (Dkt. No. 40) and defendants' opposition (Dkt. No. 44) are before the court.  Plaintiff has also filed a second motion to compel (Dkt. No. 49) with memorandum (Dkt. No. 50) and a third motion for recusal (Dkt. No. 60).

I. <u>Motions to Compel</u>

        Discovery deadlines were imposed in this action as follows: "The parties may conduct discovery until April 13, 2012.  Any motions necessary to compel discovery shall be filed

1

by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than 60 days prior to that date." (Dkt. No. 24.) On May 29, 2012, plaintiff's request to revise the scheduling order was granted and the discovery deadline extended to July 1, 2012. (Dkt. No. 36.)

On May 30, 2012, plaintiff filed a motion to compel discovery. (Dkt. No. 38.) On June 6, 2012 he filed a document entitled "Brief in Support of Motion to Compel Discovery with Cited Memorandum of Laws." (Dkt. Nos. 40.) Defendants filed their opposition to plaintiff's motion to compel on July 5, 2012. (Dkt. No. 44.) These filings are all properly before the court and will be considered in ruling on plaintiff's motion to compel at docket 38.

On July 27, 2012, plaintiff filed a document entitled "Secondary Addendum Motion for Court Order Compelling Discovery Request with Attached Exhibits" and an accompanying document entitled "Brief in Support of Motion to Compel Discovery with Cited Memorandum of Laws." (Dkt. Nos. 49, 50). In these confusing filings, plaintiff addresses further the same discovery requests which were the subject of his pending motion to compel at docket 38, and, in addition, addresses a second set of discovery requests which were apparently served on defendants and to which defendants apparently objected as untimely. Defendants have not responded to plaintiff's second motion to compel, which was filed after the deadline for motions necessary to compel discovery expired on July 1, 2012. The court finds that plaintiff's second motion to compel at docket 49 is untimely under the applicable scheduling orders; accordingly, it will be denied.

A.  Interrogatories

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff served each defendant with an identical set of 25 interrogatories. Defendants responded with identical objections and answers. Plaintiff moves to compel each defendant to "answer fully" the following interrogatories: Nos. 2, 4, 7-8, 10-14, 19-22, 24 and 25.

/////

1   Under the Federal Rules of Civil Procedure, a party is obligated to respond to interrogatories to the fullest extent possible and state any objections with specificity.  Fed. R. Civ. P. 33(b)(3), (b)(4).  While extensive research is not required, a reasonable effort to respond must be made.  L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).

In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified.  See Williams v. Cate, 2011 WL 6217378 at *1 (E.D. Cal. Dec. 14, 2011) ("Plaintiff bears the burden of informing the Court... for each disputed response, why Defendant's objection is not justified.... Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses."), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008).

To begin, defendants responded fully to interrogatory Nos. 4, 13, 14, 19 and 20 without objection.  (Dkt. No. 38 at 16, 19-20.[1])  In interrogatory Nos. 4 and 20, plaintiff seeks information about the existence of various documents and defendants responded that there are no relevant documents to identify.  In interrogatory No. 19, plaintiff asks defendants to "[i]dentify [ ] persons... whom you contend contributed to the occurrence of the incident or the injuries or damages claimed by Plaintiff"; defendants responded "None."  Interrogatory No. 13 asks a yes or no question to which defendants responded "Yes."  Interrogatory No. 14 asks defendants to identify persons with knowledge of facts stated in response to Interrogatory No. 13 and defendants responded by identifying three individuals.  Plaintiff does not explain why he believes any of these responses to be insufficient.  Nor does he allege there is any further information which should have been divulged.  Plaintiff's motion to compel will be denied as to interrogatory Nos. 4, 13, 14, 19 and 20.

---

[1] Citations are to defendant Betti's interrogatory responses.

3

As to interrogatory Nos. 2 and 24, defendants asserted objections, but nevertheless, without waiving the objections, gave responses. (Dkt. No. 38 at 15, 22.) Plaintiff does not address the sufficiency of defendants' objections or the sufficiency of the responses. The fact that there were "no documents to identify" in response to No. 2,[2] for example, and the fact that defendants have "not had training regarding the specific subject matter described in the interrogatory" in response to No. 24, does not make the responses insufficient or incomplete. Plaintiff's motion to compel will be denied as to interrogatory Nos. 2 and 24.

In response to interrogatory Nos. 21, 22, and 25, defendants made objections, but without waiving the objections, referred plaintiff to business records being produced to plaintiff subject to his other requests. (Dkt. No 38 at 20-21, 23.) Under the federal rules of civil procedure, where information sought by an interrogatory may be obtained by examining the responding party's business records, the responding party may answer by specifying the records from which the answer may be obtained and making the records available for inspection. Fed. R. Civ. P. 33(d). Plaintiff makes no argument, nor is it apparent, why the production of business records in response to these interrogatories was insufficient. For these reasons, plaintiff's motion to compel will be denied as to interrogatory Nos. 21, 22, and 25.

The remaining interrogatories, Nos. 7-8 and 10-12 will now be set forth and addressed. In regard to these interrogatories, plaintiff defined "you" or "your" as used therein to include "you, your agents, your employees, Internal Affairs investigators, your insurance companies, their agents, their employees, *your attorneys*, your accountants, your investigators, and anyone else acting on your behalf" (Dkt. No. 38 at 15 (emphasis added)).

/////

---

[2] Interrogatory No. 2 is an example of poor draftsmanship resulting in substantially justified objections by defendants. Nevertheless, the court notes that plaintiff has been provided with sufficient information regarding the identity of witnesses to the events giving rise to his lawsuit and documents pertaining thereto, as defendants provided plaintiff with a list of witnesses to the events at issue and identified and produced a CDCR 837 report containing witness statements.

Interrogatory No. 7

Have you or anyone acting on your behalf interviewed any individual concerning the incident?

Response to Interrogatory No. 7

Responding Party objects to this interrogatory on the grounds that it invades the attorney client privilege and calls for the disclosure of attorney work product. For purposes of clarification, Responding Party does not consider CDCR, or any of its employees, to be a person or entity acting on his behalf.

Interrogatory No. 8

Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 7.

Response to Interrogatory No. 8

There are no facts referred to in response to Interrogatory No. 7.

Interrogatory No. 10

Have you or anyone on your behalf obtained a written or recorded statement from any individual concerning the incident?

Response to Interrogatory No. 10

Responding Party objects to this interrogatory on the grounds that it invades the attorney-client privilege and calls for the production of attorney work-product. Without waiving these objections, defense counsel has corresponded with the institution in order to prepare for litigation in this matter.

Interrogatory No. 11

Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 10.

Response to Interrogatory No. 11

Responding party objects to this interrogatory on the grounds that it invades the attorney client privilege and calls for the production of attorney work-product.

Interrogatory No. 12

Identify all documents that refer or relate to the facts stated in your response to Interrogatory No. 10.

<u>Response to Interrogatory No. 12</u>

Responding party objects to this interrogatory on the grounds that it invades the attorney-client privilege and calls for the production of attorney work-product.

(Dkt. No. 38 at 17-19.)

The "work product" doctrine protects trial preparation materials that "reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews." <u>Hickman v. Taylor</u>, 329 U.S. 495, 511 (1947) (citing Fed. R. Civ. P. 26(b)(3)). Protection of work product is designed to preserve the privacy of attorneys' thought processes, and to prevent parties from "borrowing the wits of their adversaries." <u>Hickman</u>, 329 U.S. at 511; <u>Holmgren v. State Farm Mut. Auto Ins. Co.</u>, 976 F.2d 573, 576 (9th Cir. 1992).

Written or recorded statements obtained in preparation for litigation constitute attorney work product. Even the identities of witnesses interviewed by counsel have been held to be protected attorney work product because "disclosure would necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by these witnesses with counsel's legal theories and conclusions[.]" See <u>In re Ashworth, Inc. Secur. Litig.</u>, 213 F.R.D. 385, 389 (S.D. Cal. 2002). Rule 26 specifically provides that a party may obtain discovery of attorney work product only if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3).

Here, plaintiff makes no argument that the information he seeks is not work product, nor does he attempt to show substantial need. What is truly relevant in regard to the subject matter of interrogatory Nos. 7, 8, and 10-12 is the identity of witnesses to the events giving rise to his lawsuit, not information and documents pertaining to whom defendants and their counsel have interviewed. The court notes that defendants provided plaintiff with a list of witnesses to the events at issue in their response to interrogatory No. 1. Under these

6

circumstances, plaintiff's motion to compel will be denied as to interrogatory Nos. 7, 8, and 10-12.

### B. Documents

Plaintiff also served each defendant with an identical set of requests to produce documents for inspection and copying ("RFP") pursuant to Rule 34 of the Federal Rules of Civil Procedure. Defendants made identical objections and responses. Plaintiff moves to compel defendants to produce documents pertaining to RFP Nos. 1-4, 7-9, 11, 13-15 and 17.

### RFP No. 1

In their response to RFP No. 1, defendants agreed to make a copy of a videotaped interview of plaintiff available for plaintiff to view. (Dkt. No. 38 at 74.[3]) As of the time of plaintiff's motion to compel, he had not been allowed to view the referenced videotape. Defense counsel states in defendants' opposition that the facility has been requested to arrange for plaintiff to view the videotape and to document the occurrence. Plaintiff's motion to compel will be granted as to RFP No. 1 to the extent that defendants are ordered to make a copy of the videotaped interview available for viewing by plaintiff within 30 days of the date of this order, if they have not already done so.

### RFP No. 2

RFP No. 2 seeks documents including photographs and videotapes "depicting any scene, place, or object relevant to or connected with... the May 17th 2008 incident...." (Dkt. No. 38 at 74.) Defendants objected to the request as vague, ambiguous, and calling for attorney work product. Defendants' objections as to this request are overruled. Since defendants state they currently have no responsive documents in their possession, custody or control, the motion to compel is denied at this time. The court declines, however, to adopt defendants' argument in their opposition (Dkt. No. 44 at 8-9) that if defense counsel takes any photographs of the area where

---

[3] Citations are to defendant Betti's responses.

relevant events took place, all such photographs are automatically protected from discovery as attorney work product.  Thus defendants will be under a continuing duty to supplement under Rule 26(3)(1)(A) by making photographs available for inspection and copying or photocopying by plaintiff.  Defendants need not, however, reproduce photographic prints for plaintiff at their expense as plaintiff asserts.

### RFP No. 3

RFP No. 3 seeks reports made concerning the events giving rise to the lawsuit. (Dkt. No. 38 at 74-75.)  Defendants lodged objections that these requests were vague and ambiguous but nevertheless indicated that, without waiving the objections, responsive documents were being produced.  Plaintiff contests the sufficiency of the documents that were produced. Defendants respond that as to documents generated by the Office of Internal Affairs, they have no such documents in their possession, custody, or control.  Upon review, the motion to compel as to RFP Nos. 3 will be denied.  However, with respect to documents plaintiff seeks which may have been generated by the Office of Internal Affairs and which defendants state they do not have in their possession, defendants are ordered to inform plaintiff, within seven days from the date of this order, from whom he can subpoena any existing documents if he wishes to do so.  The court will provide a subpoena form which plaintiff may execute within 30 days of the date of this order, notwithstanding the fact that the discovery deadline has passed.

### RFP No. 4

RFP No. 4 seeks documents relating to procedures and protocols for escorts of inmates confined to wheelchairs. (Dkt. No. 38 at 75.)  Defendants lodged various objections but nevertheless indicated that, without waiving the objections, responsive documents were being produced.  Plaintiff contests the sufficiency of the documents produced but does attempt to explain what documents he believes should have been produced which were not. (Dkt. No. 40 at 3.)  Accordingly, the motion to compel will be denied as to RFP No. 4.

/////

RFP No. 7

In RFP No. 7, plaintiff seeks documents related to training defendants have received "for situations in which to use excessive force on an inmate that are within mechnical restraints [*sic*]." (Dkt. No. 38 at 76-77.) Defendants lodged various objections and stated they have not received any such training since the use of excessive force is, by definition, inappropriate. Plaintiff reasserts in his memorandum supporting his motion to compel that he wants documents relating to "situation in which to use excessive force on an inmate..." which he asserts he needs "to show a judge and jury the 'conditions' and 'circumstances' for which the use of excessive force possible [*sic*] would be justified." (Dkt. No. 40 at 4.) Defendants reassert in their opposition that the use of excessive force is never justified and accordingly, no such documents exist. Plaintiff's motion to compel will be denied as to RFP No. 7.

RFP No. 8

In RFP No. 8, plaintiff seeks all documents authored, received, or read by the defendants concerning the May 17th, 2008 incident. (Dkt. No. 38 at 77.) Defendants lodged various objections including attorney-client privilege but also indicated that, without waiving the objections, all responsive documents were being produced other than correspondence between defendants and their attorney. Defendants' objection for attorney-client privilege is sustained and plaintiff's motion to compel is denied as to RFP No. 8.

RFP No. 9

RFP No. 9 seeks documents showing injuries sustained by plaintiff and/or defendants, including documents from plaintiff's medical records. (Dkt. No. 38 at 77-78.) Defendants responded that to the extent plaintiff wants copies of his medical records, his medical records are equally available to him. In defendants' opposition to the motion to compel, they contend the records are in fact more readily available to him and that the request appears to be an improper attempt to shift the cost of copying his medical records to defendants. Since plaintiff fails to assert any reason why he is unable to obtain his own medical records, the objection is well

taken and the motion to compel is denied as to RFP No. 9.

### RFP Nos. 11 and 13

In RFP Nos. 11 and 13, plaintiff seeks documents related to defendants' training on emergency medical evaluation procedures for inmates and documents related to training policies or procedures on emergency medical evaluation of inmates when the use of force is implemented. (Dkt. No. 38 at 78-79.) Defendants lodged various objections including that the request is not reasonably calculated to lead to the discovery of admissible evidence since there is no allegation in the complaint that a medical emergency existed at any time. Id. Plaintiff contends he needs the evidence to show that defendants did not comply with emergency medical evaluation procedures. However, he does not address defendants' objections, including their objection on the basis that there is no allegation in the complaint that a medical emergency existed at any time. It is not apparent how documents regarding medical emergencies could lead to the discovery of admissible information regarding his claims against defendants. The motion to compel will be denied as to RFP Nos. 11 and 13.

### RFP Nos. 14, 15 and 17

Plaintiff's RFP Nos. 14, 15 and 17 seek documents relating to prior allegations of misconduct or complaints against the defendants, including documents from defendants' personnel files, as follows:

> [14:] Any and all documents relating to allegations of excessive use of force by Defendant while Defendant was employed within the California Department of Corrections and Rehabilitation.

> [15:] Any and all formal and informal written complaints (including but not limited to 602 form inmate/parolee appeal form) against Defendant alleging "excessive use of force" and "staff misconduct" during Defendant's employment as a correctional officer within the California Department of Correction and Rehabilitation. (Including all written responses, appeals, reports, investigations, and/or correspondence regarding the complaints.)"

> [17:] The "personal records" of Defendant regarding any an all filed complaints regarding "staff misconduct", "use of force", "use of excessive force", all records and/or documents including but not

limited to reports, internal memoranda, e-mails, analysis, internal affairs agents, or officer, investigative reports, and/or records, and said finding and conclusion of any and all filed complaints regarding "staff misconduct," "use of force", "use of excessive", [*sic*] against Defendant during Defendant[']s employment as a correctional officer within the California Department of Corrections and Rehabilitation to present.  (Formal and informal complaints including but not limited to inmate/parolee appeals from CDC 602. Citizen complaints pursuant to Calif. Penal Code 832.5, written responses, reports, investigations findings and dispositions.) (Personnel records means employee employment records as kept by peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Calif. Penal Code Section 832.5 and are being requested pursuant to Evidence Codes Sections § 1043(a), § 1046(a) thru (e).

Response to RFP Nos. 14, 15 and 17

Responding Party objects to this request for production of documents on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, invades the privacy of third persons, and calls for production of documents protected by the official information privilege.  Pursuant to Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991), such broad requests are generally not allowed on federal common law grounds.  The confidential nature of employee personnel files prohibit the opening of such files to a plaintiff for a general search which could reach well beyond the legitimate inquiries necessary.  Id.  Personnel files are also protected by the privacy rights of staff, including federal common-law and applicable California statutes such as Penal Code sections 832.7, 832.8, Government Code section 6254, Civil Code sections 1798.24 and 1798.40, and California Code of Regulations Title 15 § 3400.

In response to RFP No. 14, defendants additionally responded: "Without waiving these objections, in compliance with Federal Rule of Civil Procedure 26, Defendant has produced the documents relevant to the parties' claims and defenses in this case, including Thomas's CDCR form 602 (Bates-stamped 142-162), the CDCR form 837, and the CDCR form 7219." In response to RFP No. 15, defendants additionally responded: "Without waiving these objections, Responding Party has no documents in his possession, custody or control responsive to this request other than document [*sic*] produced in response to request for production no. 14." In response to RFP No. 17, defendants additionally responded: "Without waiving these objections, Responding Party has no documents in his possession, custody, or control responsive to this

11

1  request."

2         Defendants do not explain how providing the requested discovery would implicate
3  third party privacy concerns. Nor do they explain how disclosure would violate the official
4  information privilege recognized by federal common law. See Kerr v. United States District
5  Court for the N. District of Cal., 511 F.2d 192, 197 (9th Cir. 1975) (noting that federal common
6  law recognizes a qualified privilege for official information, such as information in government
7  personnel files); see also Fed. R. Civ. P. 26(b)(5) (party asserting privilege must expressly make
8  and describe claim); Johnson v. Runnels, No. 2:04-cv-00776 LKK EFB, 2009 WL 900755, *3-6
9  (E.D. Cal. March 31, 2009) (discussing official information privilege and setting forth the specific
10 requirements necessary to invoke the privilege relating to personnel records). Rather, defendants
11 assert and discuss at length state law privilege under sections 832.7 and 832.8 the California Penal
12 Code and sections 1043 and 1045 of the California Evidence Code. It is federal privilege law,
13 however, that governs discovery in federal section 1983 cases. See Fed. R. Evid. 501; United
14 States v. Zolin, 491 U.S. 554, 562 (1989) ("Questions of privilege that arise in the course of the
15 adjudication of federal rights are 'governed by the principles of the common law as they may be
16 interpreted by the courts of the United States in the light of reason and experience.'") (quoting
17 Fed. R. Evid. 501)); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n.6 (1987)
18 ("This court has held that personnel files are discoverable in federal question cases... despite
19 claims of privilege."). The fact that federal law governs does not rule out the application of state
20 law where state law is not inconsistent with federal law and persuasive in the context of the
21 dispute. See, e.g., Doubleday v. Ruh, 149 F.R.D. 601, 610 (1993)).

22        The parties' arguments concerning RFP Nos. 14, 15 and 17 have been carefully
23 reviewed and considered. (Dkt. No. 40 at 6-8; Dkt. No. 44 at 13-20.) The court finds that
24 defendants have not demonstrated a complete statutory or privacy bar to disclosure of the
25 requested information. Plaintiff's motion to compel as to RFP Nos. 14, 15 and 17 will be granted
26 to a limited extent, subject to a protective order discussed below. Defendants are ordered to

produce relevant documents, including documents from their personnel files, concerning (1) allegations relating to the use of excessive force against inmates and (2) staff misconduct involving dishonesty, during the time period of five years prior to the date plaintiff's complaint was filed up to the present date.

Defendants raise some legitimate concerns about releasing personnel information into a prison population. Accordingly, to the extent plaintiff's motion to compel is granted on RFP Nos. 14, 15 and 17, disclosed documents are subject to a protective order limiting use of the records and information to the instant action (see Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987)) and ordering defense counsel to redact identifying personal information such as the defendants' home addresses, social security numbers, telephone numbers, etc.

Plaintiff also requests sanctions and expenses in connection with bringing his motion to compel. Neither is appropriate in this case.

II. Motion for Recusal

Plaintiff has filed a third motion to recuse the undersigned from this case. (Dkt. No. 60.) His first and second motions for recusal (Dkt. Nos. 45 & 52) were denied on July 26, 2012, and August 20, 2012, respectively (Dkt. Nos. 48 & 55).

Plaintiff brings his third motion for recusal pursuant to 28 U.S.C. § 144, which directs:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. *A party may file only one such affidavit in any case.* It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added).

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipsiger, 729 F.2d 607, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source as a judge's previous adverse rulings are insufficient for recusal. See Id. Where the affidavit in support of recusal is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

Plaintiff's third motion for recusal is not well-taken. Section 144 specifies that a party may file only one affidavit attempting to show bias or prejudice in any case, and the pending motion constitutes plaintiff's second attempt in this case.

Moreover, plaintiff again fails to allege facts exhibiting bias or prejudice directed towards him from an extrajudicial source. See United States v. Sibla, 624 F.2d 864, 868 (1980) ("An affidavit filed pursuant to [section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Rather, plaintiff alleges merely that evidence of bias and prejudice lies in the undersigned's judicial rulings. As plaintiff was previously advised in the court's August 20, 2012 order (Dkt. No. 55), these are not proper grounds for disqualification of a judge. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also Leslie v. Grupo ICA, 198 F.3D 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal."). For these reasons, plaintiff's third motion for recusal will be denied.

Plaintiff is notified that the court views his third motion for recusal as frivolous. If plaintiff continues to file frivolous motions, i.e., motions that have no legal basis, plaintiff will be

sanctioned, potentially with dismissal of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Dkt. No. 38) is GRANTED in part, to the extent that defendants shall make a copy of the videotaped interview available for viewing by plaintiff within 30 days of the date of this order, if they have not already done so, and to the extent that defendants shall produce documents, including documents from their personnel files, concerning (1) allegations of the use of excessive force against inmates and (2) staff misconduct involving dishonesty, during the time period of five years prior to the date plaintiff's complaint was filed up to the present date, subject to a protective order limiting use of disclosed documents to the instant action and ordering defense counsel to redact defendants' identifying information from the documents; in all other respects the motion is DENIED.

2. In connection with plaintiff's RFP No. 2, defendants are under a continuing duty to supplement their discovery responses in accordance with the court's findings in this order.

3. Defendants shall inform plaintiff, within seven days from the date of this order, from whom he can subpoena documents generated by Internal Affairs which are at issue in the parties' discussion of plaintiff's RFP No. 3.

4. The clerk of the court is directed issue a subpoena form and send it to plaintiff with service of this order; plaintiff may subpoena the documents at issue, if any exist, within 30 days of the date of this order, notwithstanding the fact that the discovery deadline has passed.

5. Plaintiff's second motion to compel (Dkt. No. 49) is DENIED as untimely.

6. Plaintiff's third motion for recusal (Dkt. No. 60) is DENIED as frivolous.

Dated: October 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

thom1300.misc mots
8

15