1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD THOMAS,

11            Plaintiff,                    No.  2:10-cv-01300 MCE CKD P

12        vs.

13   M. BEUTLER, et al.,

14            Defendants.           ORDER AND

15                                  FINDINGS AND RECOMMENDATIONS

16   _____/

17            Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed

18   pursuant to 42 U.S.C. § 1983.  Defendants have moved for an order revoking plaintiff's in forma

19   pauperis (IFP) status under the three-strikes provision of the Prison Litigation Reform Act

20   (PLRA), 28 U.S.C. § 1915(g).  (Dkt. No. 66.)  This court previously denied a similar motion by

21   defendants to revoke plaintiff's IFP status.  (Dkt. No. 22.)  Defendants assert that subsequent

22   events warrant this renewed motion.  Plaintiff opposes the motion.  (Dkt. No. 70.)  Plaintiff has

23   also filed a third motion for court order to compel discovery (Dkt. No. 68) and a motion for

24   sanctions and extension of time to serve a subpoena (Dkt. No. 69).

25   /////

26   /////

1

I.  Defendants' Motion for Order Revoking IFP Status

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D.Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995).  The plain language of section 1915(g) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999).  Section 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed as a potential strike was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'"  Id., at 1120 (quoting § 1915(g)).  Once defendants meet this initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike.  Id.  If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g).  Id.

"[A] dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).  Thus, "a district court's dismissal

2

1  of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived

2  his opportunity to appeal.  This means a dismissal ripens into a 'strike' for  § 1915(g) purposes

3  on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the

4  prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired,

5  if he did not."  Id. at 1100 (internal quotation omitted.)  "If a prisoner does not appeal a

6  dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal

7  expired."  Id., n.6.

8          Defendants premise their motion on the following three actions filed by plaintiff

9  of which the court takes judicial notice.  Each will be examined in turn.

10          1.     Thomas v. Terhune No. 1:03-cv-5467 REC SMS (E.D. Cal.)

11          This district court action was dismissed for failure to state a claim.  As this court

12  previously determined in denying defendants' first motion to revoke plaintiff's IFP status, this

13  dismissal constitutes a strike.  See Moore v. Maricopa County Sheriff's Office, 657 F.3d 890,

14  893-94 (9th Cir. 2011) ("The three-strikes rule counts a dismissal as a strike if the court held that

15  the action 'fails to state a claim upon which relief may be granted.'")

16          2.     Thomas v. Terhune No. 06-15901 (9th Cir.)

17          In this appeal of No. 03-cv-5467 (E.D. Cal.), the district court certified that

18  plaintiff's appeal was "not taken in good faith" and revoked his IFP status.  The Ninth Circuit

19  confirmed that plaintiff was not entitled to IFP status and ordered him, upon payment of the

20  filing fee, to show good cause why the court should not summarily affirm the district court's

21  judgment for failure to state a claim.  On September 8, 2006, the Ninth Circuit dismissed No. 06-

22  15901 for failure to prosecute after plaintiff failed to pay the filing fee and also failed to show

23  good cause why the judgment challenged in the appeal should not be summarily affirmed.

24          The undersigned previously found that No. 03-5467 did not constitute a strike

25  since a dismissal for failure to prosecute does not fall within the plain language of section

26  1915(g).  (Dkt. No. 22.)  The Ninth Circuit has held, however, that when an action is dismissed

3

for failure to pay the filing fee, (i.e., 'failure to prosecute') after the court revokes a plaintiff's IFP status, the dismissal counts as a 'strike' under section 1915(g).  See O'Neil v. Price, 531 F.3d 1146, 1153-56 (9th Cir. 2008) ("[W]e hold that when a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee."); see also Benyamini v. Mendoza, 2012 WL 1378526 at *2 (E.D. Cal. 2012) ("[W]hen the appeal of a district court dismissal as frivolous is, itself, frivolous, then the appeal dismissal is also a strike.") (citing Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996)).  The dismissal of this frivolous appeal therefore constitutes a second strike.

        3.    Thomas v. Lamarque No. 07-16437 (9th Cir.)

     This appeal of the district court case Thomas v. Lamarque, No. 3:02-cv-1044 (N.D. Cal.) was similarly dismissed for "failure to prosecute" following revocation of plaintiff's IFP status and his failure to pay the filing fee and failure to oppose a motion to dismiss filed by defendants-appellees.  For the reasons just discussed, the dismissal of this frivolous appeal constitutes a third strike.  See O'Neil, 531 F.3d at 1153-56.

     Accordingly, defendants have met their burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews, 398 F.3d at 1120 (quoting § 1915(g)).  The burden now shifts to plaintiff to explain why any of these three prior dismissals should not count as a strike.

     Plaintiff argues that his other civil rights case currently pending in this court (Thomas v. Felker, No. 09-cv-2486 (E.D. Cal.)) has not been dismissed, which is true.  Rather, findings and recommendations that the case be dismissed are currently pending.  The distinction is immaterial since that case has not been found to constitute one of plaintiff's three strikes.

1  Plaintiff further argues that his dismissals for failure to prosecute, i.e., failure to pay the filing fee

2  after revocation of IFP status, should not count as strikes.  This argument is rejected based on the

3  Ninth Circuit precedent discussed herein.  Plaintiff fails to meet his burden of demonstrating why

4  any of these three actions should not count as a strike.  Accordingly, it will be recommended that

5  plaintiff's IFP status be revoked and plaintiff be declared a three-strikes litigant pursuant to

6  section 1915(g).

7  II.  Plaintiff's Third Motion to Compel

8         On October 15, 2012, plaintiff filed a motion entitled "Third Motion for Court

9  Order to Compel Discovery Request," asking this court to rule on his pending discovery motions

10  and requests.  The court ruled on plaintiff's motions to compel (Dkt. No. 38, 49) on October 10,

11  2012 (Dkt. No. 65).  Plaintiff has no other pending discovery motions or requests aside from

12  those that are addressed herein.  Accordingly, plaintiff's third motion for court order to compel

13  discovery will be denied as moot.

14  III.  Stay of Discovery

15         In the October 10, 2012 order on plaintiff's motion to compel, defendants were

16  ordered to "inform plaintiff, within seven days.. from whom he can subpoena documents

17  generated by Internal Affairs..."  Dkt. No. 65 at 15.  Defendants were further ordered to produce

18  other responsive documents from their personnel files within 30 days.  In light of the

19  recommendation that plaintiff's IFP status be revoked, which, if adopted, will result in dismissal

20  of this action unless he pays the filing fee in full, the court finds that a protective order staying

21  discovery for the present time is warranted.

22         Under Rule 26(c) of the Federal Rules of Civil Procedure, a district court may, for

23  good cause shown, issue a protective order regarding discovery.  A court may enter such an order

24  sua sponte.  See e.g., McCoy v. Southwest Airlines Co., 211 F.R.D. 381, 385 (C.D. Cal. 2002);

25  Coleman v. Schwarzenegger, 2007 WL 4276554 (E.D. Cal. Nov. 29, 2007) ("Under Federal Rule

26  of Civil Procedure 26(c), and in the inherent discretion of a court to mange its own discovery, a

1  court may sua sponte enter a protective order for good cause shown.  A protective order may

2  include an order that "discovery not be had." (internal citations omitted)).

3         Here, if these findings and recommendations are adopted, this action will be

4  dismissed unless plaintiff pays the filing fee in full.  Importantly, the additional discovery sought

5  by plaintiff is irrelevant to the determination of whether his IFP status should be revoked.

6  Accordingly, the court finds that a sua sponte stay of discovery is warranted at this time.

7  IV.   Motion for Sanctions and Extension of Time to Serve Subpoena

8         On October 29, 2012, plaintiff filed a motion for sanctions and for an extension of

9  time to serve subpoena.  In the motion, plaintiff asserts that defendants have not informed him

10  from whom he can subpoena documents generated by Internal Affairs, as they were ordered to do

11  in the court's October 10, 2012 order.  Plaintiff requests an award of sanctions in the amount of

12  $350.00.  Plaintiff also requests an extension of time to serve the subpoena when defendants

13  provide the information as ordered.  Given the stay of discovery that will be entered, the request

14  for an extension of time is moot.  The court declines to rule on the motion for sanctions at this

15  time, as defendants have not yet responded to the motion and their time for doing so has not

16  expired.

17         In accordance with the above, IT IS HEREBY ORDERED that:

18         1.     Plaintiff's third motion to compel (Dkt. No. 68) is DENIED as moot;

19         2.     All discovery, including the additional discovery ordered in this court's

20         October 10, 2012 order is hereby stayed, pending resolution of defendants'

21         motion to revoke plaintiff's IFP status and, if granted, his payment or non-

22         payment of the filing fee.

23         Further, IT IS HEREBY RECOMMENDED that:

24         1.     Defendant's motion for order revoking plaintiff's IFP status (Dkt. No. 66)

25         be granted;

26  \\\\\

2.     Plaintiff be declared a three-strikes litigant pursuant to section 1915(g); and

3.     Plaintiff be required to submit the $350.00 filing fee for this action or face dismissal of this action, as the imminent danger exception does not apply to the facts of this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 6, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
thom1300.mtd.3strikes

7